UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.: 11-81044-Civ-Marra/Hopkins

BERNADETTE M. HELMUTH,
on behalf of herself and
all others similarly situated,

    Plaintiff,

v.

ARS NATIONAL SERVICES, INC.,

    Defendant.
_____/

## PLAINTIFF'S MOTION TO COMPEL

Plaintiff, Bernadette M. Helmuth, moves this Court to compel Defendant to comply with this Court's Order, DE 81, and, in support thereof, states as follows:

1.    Plaintiff moves to compel Defendant to comply with this Court's Order (DE 81), and provide the information ordered by the Court at the October 25, 2012 hearing. The subject of the hearing was Plaintiff's Second Motion to Compel Defendant's Deposition (DE 79), in which Plaintiff moved the Court to compel Defendant to sit for a third deposition, because Defendant *still* had not provided information regarding numerosity, despite being compelled to do so. In lieu of sitting for a third deposition, the Court ordered Defendant to provide the information sought via affidavit. The follow exchange occurred:

> MR. YARBROUGH: Your Honor, I don't know if you want to get into this
> level of detail, but we want code 10 messages which code 10 means they
> did leave an automated message, and we want the ones that were to the
> number for the consumer; you know, the phone number for the consumer

1

> because from what I understand, code 10 messages could include messages that went to other parties or entities like, for example, they might have called let's say a neighbor or something to that effect, and we are not looking for those. We are looking just for the code 10 where they called the phone number of the consumer.
>
> THE COURT: Any objection, defense?
>
> MR. HARTSELL: Your Honor, there is no objection. I mean, I don't even understand why this motion was filed because we told or I told Mr. Yarbrough after the deposition that we would go back and try to slice that. What we are really doing here is we are just --
>
> THE COURT: Well, let me cut to the chase. There is no objection. When can you provide the information by?
>
> MR. HARTSELL: We are working on it. I would like to have two weeks.
>
> THE COURT: Any objection, plaintiff?
>
> MR. YARBROUGH: No, Your Honor.
>
> THE COURT: Okay. So I will order that all of the information we have discussed be produced within two weeks. Anything else?

Transcript of Hearing, Exhibit "A", Page 2 Line 15 through Page 3 Line 15.

  2.  On November 12, 2012, Defendant served a supplemental response to Plaintiff's First Interrogatories. See attached Exhibit "B." This supplemental response was *not* in compliance with the Court's Order. Defendant did not limit the disclosure to telephone calls placed to the consumer, as specifically ordered by the Court. In other words, Defendant did exactly the opposite of what Plaintiff had requested, and included in the disclosure phone calls that were placed to other parties besides the consumer, such as neighbors or other persons. The distinction is important, because neighbors or other persons are not entitled to a disclosure that Defendant is a debt collector, as consumers

2

are, and thus, Defendant may argue that Plaintiff has not met her burden of showing numerosity - despite the fact that Defendant is purposefully subverting Plaintiff's ability to do so. Thus, Plaintiff respectfully requests that the Court order Defendant to comply with the Court's Order (DE 81) within 24 hours of the Court's order hereon.

## **CERTIFICATION REQUIRED BY LOCAL RULE**

Plaintiff's counsel attempted to resolve this matter with Defendant's counsel via email, his preferred method of communication, sent on November 17, 2012 and November 21, 2012, and Defendant has not responded.

WHEREFORE, Plaintiff respectfully requests the Court order Defendant to comply with the Court's Order (DE 81) within 24 hours of the Court's order hereon, and award Plaintiff her attorney's fees and cost incurred in bringing the instant motion.

Respectfully submitted,

DONALD A. YARBROUGH, ESQ.
Attorney for Plaintiff
Post Office Box 11842
Fort Lauderdale, Florida 33339
Telephone: (954) 537-2000
Facsimile: (954) 566-2235
don@donyarbrough.com

s/Donald A. Yarbrough
Donald A. Yarbrough, Esq.
Florida Bar No. 0158658

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.: 11-81044-Civ-Marra/Hopkins

BERNADETTE M. HELMUTH,
on behalf of herself and
all others similarly situated,

    Plaintiff,

v.

ARS NATIONAL SERVICES, INC.,

    Defendant.
_____/

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on November 27, 2012 I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                            s/Donald A. Yarbrough
                                            Donald A. Yarbrough, Esq.

## SERVICE LIST

Mr. David L. Hartsell, Esq.
McGuire Woods LLP
Suite 4100
77 West Wacker Drive
Chicago, IL 60601
Telephone: 312-849-8100

Via Notices of Electronic Filing generated by CM/ECF