UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.: 11-81044-Civ-Marra/Hopkins

BERNADETTE M. HELMUTH,
on behalf of herself and
all others similarly situated,

       Plaintiff,

v.

ARS NATIONAL SERVICES, INC.,

       Defendant.
_____/

## MEMORANDUM IN SUPPORT OF
## PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

Pursuant to Fed R. Civ. P. 56, Plaintiff, Bernadette M. Helmuth, on behalf of herself and the class she seeks to represent, respectfully moves this Court for entry of partial summary judgment on the basis that Defendant, ARS National Services, Inc., violated the Fair Debt Collection Practices Act, 15 U.S.C. §§1692 *et seq.* ("FDCPA"), by failing to disclose in its telephone messages that the call is from a debt collector in violation of 15 U.S.C. §1692e(11).

Plaintiff moves for partial summary judgment as to liability only. Plaintiff leaves the matter of statutory damages to the jury.

## I.    PROCEDURAL HISTORY

On September 15, 2011, Plaintiff, Bernadette M. Helmuth, initiated this action on behalf of herself and the class she seeks to represent, alleging that Defendant, ARS

National Services, Inc., violated the FDCPA (DE 1).  On September 15, 2011, Plaintiff

filed her First Amended Class Complaint (DE 4).

Plaintiff's Motion for Class Certification was filed on November 27, 2012 (DE

86). A jury trial of this matter is scheduled for trial beginning April 8, 2013 (DE 77).

## II.   STATEMENT OF FACTS

The facts of this case are set forth in Plaintiffs' Statement of Material Facts

("PSMF"), simultaneously filed herewith.

## III.   STATEMENT OF QUESTIONS PRESENTED

1.   Did Defendant leave telephone messages for consumers without informing

the consumers that the call was from a debt collector in violation of 15

U.S.C. §1692e(11)?

Plaintiff respectfully suggests that this question be answered in the affirmative.

## IV.   ARGUMENT

### A.   STANDARD FOR SUMMARY JUDGMENT.

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary

judgment:

> . . . shall be rendered forthwith if the pleadings, depositions, answers to
> interrogatories and admissions on file, together with the affidavits, if any,
> show that there is no genuine issue as to any material fact and that the
> moving party is entitled to a judgment as a matter of law.  A summary
> judgment, interlocutory in character, may be rendered on the issue of
> liability alone, although there is a genuine issue as to the amount of
> damages.

The entry of summary judgment is inappropriate where there exists a genuine and material issue of fact.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48, 106 S.Ct. 2505, 2509-10, 91 L.Ed.2d 202 (1986).  Substantive law defines which facts are material, and only disputes over facts that might affect the outcome of the case will defeat summary judgment.  *Id.* at 248, 106 S.Ct. at 2510.  A factual dispute is genuine if a "reasonable jury could return a verdict for the non-moving party."  *Id.*  Although all inferences to be drawn from the underlying facts must be viewed in the light most favorable to the non-moving party, once the movants have met their burden of demonstrating the absence of a genuine issue of material fact, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts" to prevent its entry.  Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 547, 586-87, 106 S. Ct. 1348, 1355-56, 89 L.Ed.2d 538 (1986).  It is not sufficient for the party opposing summary judgment to provide a scintilla of evidence supporting its case.  Anderson v. Liberty Lobby, Inc., supra, 477 U.S. at 252, 106 S. Ct. at 2512.

There is no dispute as to facts regarding the conduct of Defendant in placing telephone calls and using prerecorded messages to contact Plaintiff and the class she seeks to represent. Thus, a grant of summary judgment is appropriate against Defendant for its violations of the FDCPA, with the matter of damages to be left to the jury.

**B.    DEFENDANT'S TELEPHONE MESSAGES VIOLATED THE FDCPA.**

On or about September 15, 2010, Defendant left the following prerecorded message on Plaintiff's voice mail:

> Hello. The following is a message from ARS National Services. It is very important that we speak to Bernadette Helmuth. This is not a telemarketing or sales call. Please have them call us toll-free at 1-866-274-3582 and the reference number is 19718228. We need to be able to discuss this matter with you as soon as possible. Thank you. Goodbye.

Plaintiff's Statement of Material Facts "PSMF" ¶ 7.

The failure of Defendant to disclose that the call was from a debt collector violated the FDCPA at 15 U.S.C. §1692e(11). Defendant left messages for Plaintiff on other occasions, including but not limited to September 17, 2010, September 20, 2010, September 22, 2010, September 28, 2010, October 4, 2010, and October 7, 2010. PSMF ¶ 8. Prior to August 19, 2011, Defendant did not have a specific policy to include the disclosure that Defendant is a debt collector in its messages to consumers, as it used uniform prerecorded messages that did not contain the words "debt," "collection," or "debt collector." PSMF ¶ 9, 10. Thus, the September and October 2010 messages Defendant admits that it left for Plaintiff could not have included a disclosure that Defendant was a debt collector. On August 19, 2011, Defendant created a new prerecorded message to use in its collection practices that included a disclosure that Defendant is a debt collector, and a uniform policy of using the new standardized message. PSMF ¶ 11. Defendant had *no* policy in place to make the required disclosures under 15 U.S.C. §1692e(11) prior to August 19, 2011, thus its policy and practice was to violate 15 U.S.C. §1692e(11).

The telephone messages are "communications" as defined by 15 U.S.C.
§1692a(2). See Berg v. Merchs. Ass'n Collection Div., Case No. 08-60660-Civ-
Dimitrouleas/Rosenbaum, 2008 U.S. Dist. LEXIS 94023 (S.D. Fla. Oct. 31, 2008).
Defendant left pre-recorded messages on 5,565 non-commercial Dell Financial accounts
for consumers residing in Florida in an attempt to collect a debt, thus the messages are
communications, because they attempted to convey and actually did convey information
regarding a debt. PSMF ¶ 12. The FDCPA applies to both direct and indirect
communications. 15 U.S.C. §1692a(2). The statute reads "[t]he term 'communication'
means the conveying of information regarding a debt directly or indirectly to any person
though any medium." 15 U.S.C. §1692a(2).

### 1.   "Least Sophisticated Consumer" Standard Is Applied To FDCPA Violations.

The U.S. Court of Appeals for the Eleventh Circuit established the standard by
which violations of the FDCPA are analyzed, *i.e.,* whether the communication by the
debt collector would mislead the "least sophisticated consumer". Jeter v. Credit Bureau,
Inc., 760 F.2d 1168, 1172-75 (11th Cir. 1985). "Additionally, the Court need not
determine whether the named plaintiff or other putative plaintiffs read or were confused
by the notice, as the standard is whether the 'least sophisticated consumer' would have
been misled." Swanson v. Mid Am, Inc., 186 F.R.D. 665, 667 (M.D.Fla. 1999). Other
courts have followed the Eleventh Circuit's lead. "The basic purpose of the least-
sophisticated-consumer standard is to ensure that the FDCPA protects all consumers, the

gullible as well as the shrewd." Clomon v. Jackson, 988 F.2d 1314, 1318 (2d Cir. 1993).

Also, see: Taylor v. Perrin, Landry, deLaunay & Durand, 103 F.3d 1232, 1236 (5th Cir.

1997); U.S. v. National Financial Services, Inc., 98 F.3d 131, 136 (4th Cir. 1996); Russell

v. Equifax A.R.S., 74 F.3d 30 (2d Cir. 1996); Bentley v. Great Lakes Collection Bureau,

6 F.3d 60 (2d Cir. 1993); Graziano v. Harrison, 950 F.2d 107, 111 (3d Cir. 1991); and

Swanson v. Southern Oregon Credit Service, Inc., 869 F.2d 1222, 1225-26 (9th Cir.

1988).

### 2.    FDCPA Statutory Definitions.

Plaintiff, Bernadette M. Helmuth, is a "consumer," *i.e.*, she is a natural person

obligated or allegedly obligated to pay a debt.  15 U.S.C. §1692a(3), PSMF ¶ 1. A "debt"

as defined by the FDCPA is any obligation or alleged obligation of a consumer to pay

money arising out of a transaction in which the money, property, insurance, or services

which are the subject of the transaction are primarily for personal, family, or household

purposes. 15 U.S.C. §1692a(5). Plaintiff incurred an alleged debt to Dell Financial

Services for personal, family, or household purposes, which is consumer debt as defined

by the FDCPA. PSMF ¶ 4. Defendant is a "debt collector" as defined at 15 U.S.C.

§1692a(6).  PSMF ¶ 3.  Defendant called Plaintiff and the other putative class members

in an effort to collect a debt that was due to Dell Financial Services. PSMF ¶ 4-8.

Claims for similar obligations have been held to be consumer debts in a number of

FDCPA cases.  The 11th Circuit held in Hawthorne v. MAC Adjustment, Inc., 140 F.3d

1367 (11th Cir. 1998), that obligations to pay which arise out of consumer transactions are

subject to the FDCPA.  See, also <u>Brown v. Budget Rent-A-Car Systems, Inc.</u>, 119 F.3rd 922 (11th Cir.-1997).

### 3.      Failure to Inform That the Call Was From A Debt Collector in Violation of 15 U.S.C. §1692e(11).

The FDCPA prohibits: "the failure to disclose…that the debt collector is attempting to collect a debt and that any information obtained will be used for that purposes, and the failure to disclose in subsequent communications that the communication is from a debt collector."  15 U.S.C. §1692e(11). Defendant has violated the FDCPA by failing to disclose in its telephone messages to Plaintiff and the class she seeks to represent that it is a debt collector.

"The FDCPA is a strict liability statute and thus does not require a showing of intentional conduct on the part of a debt collector; furthermore, a single violation of the statute is sufficient to establish civil liability."  <u>Edwards v. Niagara Credit Solutions, Inc.</u>, 586 F. Supp. 2d 1346 (N.D. Ga. 2008), *aff'd on other grounds*, 584 F.3d 1350 (11th Cir. 2009).  Other district courts within the Eleventh Circuit have also found that the FDCPA requires strict compliance.  <u>Rivera v. Amalgamated Debt Collection Services, Inc.</u>, 462 F.Supp.2d 1223, 1227 (S.D.Fla. 2006); <u>Ferguson v. Credit Mgmt. Control, Inc.</u>, 140 F.Supp.2d 1293, 1297 (M.D.Fla.2001) (citing <u>Kaplan v. Assetcare, Inc.</u>, 88 F.Supp.2d 1355, 1361-62 (S.D.Fla.2000) and <u>Russell v. Equifax</u>, 74 F.3d 30, 33-34 (2nd Cir.1996)); <u>Stewart v. Slaughter</u>, 165 F.R.D. 696, 699 (M.D.Ga.1996).

The district court in <u>Foti v. NCO Fin. Sys</u>., 424 F. Supp. 2d 643, 668-70 (S.D.N.Y. 2006), stated:

> Rather, there is nothing in the context of the January 18 Pre-Recorded Message that would clearly inform a consumer that s/he is speaking to a debt collector, or, for that matter, that the subject of the "business matter" requiring "immediate attention" is a debt. Instead, a consumer would have to, upon hearing the message, recall that it previously received mail from a debt collection agency by the name of "NCO Financial Systems." Such a burden on the consumer is unreasonable. The least sophisticated consumer, who may receive voluminous messages and calls, could easily be confused about the identify of "NCO Financial Systems," particularly given the vague reference in the message to "a personal business matter that requires your immediate attention."

"The Court thus finds that the messages at issue the violated 15 U.S.C. § 1692e(11) because they were communications to a consumer in which the debt collector (Defendant) failed to identify the communication as coming from a debt collector." <u>Edwards v. Niagara Credit Solutions, Inc.</u>, <u>supra</u>, 2008 WL 4951775 at *15.  Also, see: <u>Berg v. Merchants Ass'n Collection Div., Inc.</u>, 2008 WL 4936432 (S.D. Fla., Oct. 31, 2008).

In <u>Belin v. Litton Loan Servicing</u>, 2006 WL 1992410, *5, 2006 U.S. Dist. LEXIS 47953 (M.D.Fla., July 14, 2006), Judge Bucklew wrote: "the court finds that the messages left on Ms. Belin's answering machine constitute communications that can support a violation of 15 U.S.C. § 1692e(11)."  In another case involving telephone messages the court granted summary judgment for the consumer on her claims that the debt collector's telephone messages violated 15 U.S.C. §1692e(11).  <u>Leyse v. Corporate Collection Servs.</u>, 2006 WL 2708451, *4 and *6, 2006 U.S. Dist. LEXIS 67719

(S.D.N.Y., Sept. 18, 2006).  "Because it appears that defendant's messages are `communications' subjecting defendant to the provisions of § 1692e(11), it also appears that defendant has violated § 1692e(11) because the messages do not convey the information required by § 1692e(11), in particular, that the messages were from a debt collector."  Hosseinzadeh v. M.R.S. Associates, Inc., 387 F.Supp.2d 1104, 1116 (C.D.Cal. 2005).

Thus, Defendant's telephone messages left for Plaintiff and the class she seeks to represent which failed to inform that the call was from a debt collector violated 15 U.S.C. §1692e(11).

### C.   DAMAGES

On finding that Defendant violated the FDCPA, Plaintiff and the class members are entitled to an award of statutory damages, which matter Plaintiff leaves to the jury.

## V.   CONCLUSION

Plaintiff Bernadette M. Helmuth, on behalf of herself and the class she seeks to represents, request the Court to enter an order of partial summary judgment in their favor that Defendant, ARS National Services, Inc. violated the Fair Debt Collection Practices Act at 15 U.S.C. §1692e(11) by failing to disclose in its telephone messages that the call is from a debt collector.  Ms. Helmuth and the class she seeks to represents should be awarded statutory damages to be determined by the jury.

Respectfully submitted,

DONALD A. YARBROUGH, ESQ.
Attorney for Plaintiff

Post Office Box 11842
Fort Lauderdale, Florida 33339
Telephone: (954) 537-2000
Facsimile: (954) 566-2235
don@donyarbrough.com

s/Donald A. Yarbrough
Donald A. Yarbrough, Esq.
Florida Bar No. 0158658

10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.: 11-81044-Civ-Marra/Hopkins

BERNADETTE M. HELMUTH,
on behalf of herself and
all others similarly situated,

      Plaintiff,

v.

ARS NATIONAL SERVICES, INC.,

      Defendant.

_____/


## CERTIFICATE OF SERVICE

    **I HEREBY CERTIFY** that on December 7, 2012, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

s/Donald A. Yarbrough
Donald A. Yarbrough, Esq.

## SERVICE LIST

Mr. David L. Hartsell, Esq.
McGuire Woods LLP
Suite 4100
77 West Wacker Drive
Chicago, IL 60601
Telephone: 312-849-8100

Via Notices of Electronic Filing generated by CM/ECF