# EXHIBIT "A"

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 12-22839-CIV-ALTONAGA/Simonton

**WILLIE COLLINS**,

      Plaintiff,

vs.

**ERIN CAPITAL**
**MANAGEMENT, LLC**,

      Defendant.

_____/

### ORDER

**THIS CAUSE** came before the Court on Plaintiff, Willie Collins's ("Collins['s]") Motion for Class Certification ("Motion") [ECF No. 43], filed on February 6, 2013. Defendant, Erin Capital Management, LLC ("Erin Capital"), filed its Response in Opposition to Plaintiff's Motion for Class Certification ("Response") [ECF No. 44] on February 25, 2013, and Collins filed his Reply [ECF No. 45] on March 7, 2013. The Court has carefully considered the parties' written submissions, oral arguments presented on March 12, 2013, and applicable law.

### I. BACKGROUND

This case involves alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. sections 1692–1692p ("FDCPA"), committed by Erin Capital. Collins alleges Erin Capital failed to register with the Florida Office of Financial Regulation before collecting, or attempting to collect debts from consumers as required by the Florida Consumer Collection Practices Act, sections 559.55–559.785, Florida Statutes (2011) ("FCCPA"). (*See* Am. Compl. ¶ 1 [ECF No. 19]). Erin Capital is a New York debt collector that purchases defaulted-upon credit card debts and attempts to

collect the delinquent debts from Florida consumers. (*See id.* ¶¶ 4, 7–8). Collins resides in Orange County, Florida. (*See id.* ¶ 4).

Erin Capital sought to collect a debt from Collins arising from his use of a Citibank Mastercard credit card ("Citibank Mastercard") issued to Collins. (*See id.* ¶ 10). Collins used the Citibank Mastercard for "personal, family or household purposes, including but not limited to, the purchase of such things as clothes, groceries, personal gifts, and travel-related expenses." (*Id.*). On October 5, 2011, Erin Capital initiated a garnishment proceeding against Collins in pursuit of an alleged debt of $6,169.53 (*see id.* ¶ 12), and succeeded in garnishing Collins's wages through the state court (*see id.* ¶ 17). Erin Capital subsequently registered itself as a consumer collection agency with the Florida Office of Financial Regulation on August 27, 2012. (*See id.* ¶ 14).

Collins filed his original Complaint [ECF No. 1] on August 4, 2012 and the Amended Complaint on October 4, 2012. The Amended Complaint contains two counts alleging: (1) violations of 15 U.S.C. section 1692e ("Count I"), and (2) entitlement to restitution ("Count II").[1] (*See id.* ¶¶ 29–30, 31–36). Count I alleges Erin Capital's failure to obtain a consumer debt collection license as mandated by the FCCPA, while actively engaged in debt collection in the State of Florida, violates various provisions of the FDCPA including 15 U.S.C. sections 1692e, 1692e(2), 1692e(5), and 1692e(10). (*See id.* ¶ 30). Collins asserts he has suffered actual damages "as a direct result of the unlawful garnishment." (*Id.* ¶ 19). Collins requests statutory damages, actual damages, litigation expenses, and costs of the present action in connection with Count I. (*See id.* 10). Pursuant to Federal Rule of Civil Procedure 23, Collins also seeks to certify a class consisting of:

---

[1] Collins originally provided an additional class definition focused on Count II (the restitution count) of the Amended Complaint, entitled the "Restitution Class." (Am. Compl. ¶ 21). However, in his Motion Collins seeks certification of the "FDCPA Class" only. (*Id.* ¶ 20; Mot. 7).

(i) all persons (ii) whom were the subject of collection activity from [Erin Capital] (iii) in an attempt to collect a debt incurred for personal, family, or household purposes (iv) who incurred actual damages in the form of direct, indirect, voluntary, or involuntary payment arising from or attributable to [Erin Capital]'s collection efforts (v) during the one year period prior to the filing of the original writ of garnishment in this action through the date of certification.

(*Id.* ¶ 20).  Erin Capital opposes certification of this class on several grounds addressed below.

## II. LEGAL STANDARD

"The class action is 'an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only.'"  *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2550 (2011) (quoting *Califano v. Yamasaki*, 442 U.S. 682, 700–01 (1979)).  "Questions concerning class certification are left to the sound discretion of the district court."  *Cooper v. Southern Co.*, 390 F.3d 695, 711 (11th Cir. 2004) (citing *Armstrong v. Martin Marietta Corp.*, 138 F.3d 1374, 1386 (11th Cir. 1998)), *overruled on other grounds by Ash v. Tyson Foods, Inc.*, 546 U.S. 454, 457 (2006).  With this "great power comes great responsibility; the awesome power of a district court must be 'exercised within the framework of [Federal Rule of Civil Procedure] 23.'"  *Klay v. Humana, Inc.*, 382 F.3d 1241, 1251 (11th Cir. 2004) (quoting *Castano v. Am. Tobacco Co.*, 84 F.3d 734, 740 (5th Cir. 1996)).  Thus, to be entitled to class certification, the party seeking certification must have standing and meet each of the requirements specified in Federal Rule of Civil Procedure 23(a), as well as the requirements of at least one subsection of Federal Rule of Civil Procedure 23(b).  *See Klay*, 382 F.3d at 1250.

Rule 23(a) "ensures that the named plaintiffs are appropriate representatives of the class whose claims they wish to litigate."  *Wal-Mart*, 131 S. Ct. at 2550.  Under Rule 23(a), the party seeking class certification has the burden of showing that the four requirements of numerosity, commonality, typicality, and adequacy of representation are satisfied.  *See Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1265 (11th Cir. 2009).  Rule 23(a) provides one or more members of a class

3

may sue as representative on behalf of all members if:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

FED. R. CIV. P. 23(a).

The class must also satisfy one of the three additional requirements of Rule 23(b). Collins asserts a class is appropriate under Rules 23(b)(2) and 23(b)(3). Rule 23(b)(2) provides certification is appropriate where "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Alternatively, Rule 23(b)(3) provides certification is available if the Court finds "that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy."

In examining whether the party seeking certification has satisfied the requirements of Rule 23, the Eleventh Circuit has counseled that "[a]lthough the trial court should not determine the merits of the plaintiffs' claim at the class certification stage, the trial court can and should consider the merits of the case to the degree necessary to determine whether the requirements of Rule 23 will be satisfied." *Valley Drug Co. v. Geneva Pharms., Inc.*, 350 F.3d 1181, 1188 n.15 (11th Cir. 2003) (citation omitted). Indeed, the Supreme Court recently acknowledged "'sometimes it may be necessary for the court to probe behind the pleadings before coming to rest on the certification question,' and that certification is proper only if 'the trial court is satisfied, after a rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied.'" *Wal-Mart*, 131 S. Ct. at 2551 (quoting *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 160, 161 (1982)). "Frequently that 'rigorous analysis' will entail some overlap with the merits of the plaintiff's underlying claim. That cannot be helped."

*Id.*

## III.  ANALYSIS

### A.  Rule 23(a)

As stated, Collins must first satisfy the four requirements of Rule 23(a): (1) Numerosity; (2) Commonality; (3) Typicality; and (4) Adequacy.  The Court examines each requirement in turn.

#### 1.  Numerosity

With regard to the numerosity requirement, Collins must establish the class is so numerous that joinder of all members is impracticable.  *See* FED. R. CIV. P. 23(a)(1).  As a general rule, a group of more than forty satisfies the numerosity requirement of Rule 23, a group of fewer than twenty-one does not, and the numbers in between are subject to judgment based on additional factors.  *See Vega*, 564 F.3d at 1266–67.  "To meet this requirement, plaintiffs need not prove the exact size of the proposed class, but rather need demonstrate only that the number is exceedingly large, and joinder impracticable."  *In re Infant Formula Antitrust Litig.*, No. MDL 878, 1992 WL 503465, at *3 (N.D. Fla. Jan. 13, 1992) (citing *Anderson v. Bank of the S., N.A.*, 118 F.R.D. 136, 145 (M.D. Fla. 1987)).  Essentially, a plaintiff seeking to certify a class must make a showing with factual support that the numerosity will be satisfied.  *See Vega*, 564 F.3d at 1267.

In this action the proposed class includes any consumer from the State of Florida affected by to the specific FDCPA violations, and Collins preliminarily demonstrates at least forty-eight potential plaintiffs are in Miami-Dade County alone.  (*See* Mot. Ex. A [ECF No. 43-1]).  Collins maintains there are "hundreds if not thousands of other consumers throughout the state," but the forty-eight specifically identified provide sufficient evidence to satisfy the numerosity prong.  (Mot. 12).  Erin Capital does not contest this assertion.  Based on the foregoing, the Court finds Collins's proposed class satisfies the requirement of numerosity.

### 2. Commonality

The second requirement for maintaining a class action under Rule 23 is that "there are questions of law or fact common to the class." FED. R. CIV. P. 23(a)(2). Rule 23(a)(2) "'does not require that all the questions of law and fact raised by the dispute be common,' or that the common questions of law or fact 'predominate' over individual issues." *Vega*, 564 F.3d at 1268 (quoting *Cox v. Am. Cast Iron Pipe Co.*, 784 F.2d 1546, 1557 (11th Cir. 1986)). Rather, "[t]he commonality requirement demands only that there be 'questions of law or fact common to the class.'" *Id.* (quoting FED. R. CIV. P. 23(a)(2)). As the Supreme Court recently explained, "[c]ommonality requires the plaintiff to demonstrate that the class members have suffered the same injury." *Wal-Mart*, 131 S. Ct. at 2551 (internal quotation marks and citation omitted). In other words, the claim "must depend upon a common contention" that is "capable of classwide resolution — which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Id.*

Collins alleges Erin Capital instituted various garnishment proceedings while failing to register with the State of Florida as a consumer collection agency, in violation of the FDCPA. (*See* Mot. 6). Here, the Court finds common questions of law and fact exist. The crux of the dispute is whether Erin Capital's failure to register as consumer collection agency qualifies as a violation of the FDCPA. *See LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1192 (11th Cir. 2010) ("We therefore hold that a violation of the FCCPA for failure to register may, in fact, support a federal cause of action under Section 1692e(5) of the FDCPA for threatening to take an action it could not legally take."). A determination of this issue would apply equally and objectively to all of the potential plaintiffs in this action. Moreover, questions such as whether Erin Capital registered with the Florida Office of Financial Regulation, what individuals fit within the class definition, and if the

failure to register constitutes a violation of the FDCPA, would be better handled in one trial rather than in many trials. Accordingly, these issues are "capable of classwide resolution" and one trial would resolve issues that are "central to the validity of each one of the claims in one stroke." *Wal-Mart*, 131 S. Ct. at 2551 (internal quotation marks and citation omitted).

Additionally, courts have previously certified class actions for violations of the FDCPA in other contexts. *See, e.g.*, *Agan v. Katzman & Korr, P.A.*, 222 F.R.D. 692, 697 (S.D. Fla. 2004) ("The commonality element is generally satisfied when a plaintiff alleges that 'defendants have engaged in a standardized course of conduct that affects all class members.'" (alteration omitted) (quoting *In re Terazosin Hydrochloride*, 220 F.R.D. 672, 685 (S.D. Fla. 2004))). Moreover, the Eleventh Circuit has explained that the commonality requirement is a "relatively light burden." *Vega*, 564 F.3d at 1268. Given that common questions of fact and law exist among class members, the present action meets the relatively light burden, satisfying the commonality prong of the Rule 23(a) analysis.

Erin Capital nevertheless contends no commonality exists because: (1) Collins is not a part of the class he intends to represent (*see* Resp. 5–6, 7–8); (2) Erin Capital has a defense based on the *Rooker-Feldman* doctrine[2] against the putative class that it does not have against Collins (*see id.* 8); and (3) the class definition will require individual inquiries to determine whether the debts incurred were for personal, family, or household purposes (*see id.* 9). The Court addresses Erin Capital's first contention in this Part of the Rule 23(a) analysis.[3]

---

[2] The *Rooker-Feldman* doctrine provides "federal district courts cannot review state court final judgments because that task is reserved for state appellate courts or, as a last resort, the United States Supreme Court." *Casale v. Tillman*, 558 F.3d 1258, 1260–61 (11th Cir. 2009).

[3] Although Erin Capital repeats these arguments with regard to the other requirements of Rule 23, the Court will consider them where they are most relevant to the Rule 23 analysis. For example, Erin Capital's argument with respect to the individual member inquiries is more appropriately considered as part of the

Erin Capital argues that Collins cannot represent a class of which he is not a part. To be precise, Erin Capital asserts that because Collins's state court judgment has been vacated, he no longer has a judgment against him like the remainder of the class. (*See id.* 5–6). Collins counters the violative acts alleged in the Amended Complaint concern Erin Capital's initiation of a garnishment proceeding against his wages, and not any prior state court judgment. (*See* Reply 3).

The Amended Complaint provides, "[o]n or about October 5, 2011, [Erin Capital] initiated garnishment proceedings upon [Collins's] wages." (Am. Compl. ¶ 12). It further alleges, "[Erin Capital] began the process of engaging in unlicensed debt collection activities by filing a request for writ of continuing garnishment . . . and proceeded to, and did in fact garnish [Collins's] wages." (*Id.* ¶ 17). Indeed, Collins's proposed class definition includes individuals who were the subject of collection activity "during the one year period prior to the filing of the original writ of garnishment." (*Id.* ¶ 20). Further, Collins specifically limits the class to those affected by "garnishment action[s]" in his Motion. (Mot. 7). Additionally, the potential class members identified by Collins were all subject to "Motions for Writ of Garnishment filed in Miami-Dade County between August 4, 2012 and August 4, 2011." (*Id.* Ex. A). Thus, any state court judgment previously entered against Collins lies outside the scope of the present litigation and is not referenced in any of the relevant pleadings or the Motion. While a prior state court judgment may have constituted an independent collection action in violation of the FDCPA, it is not the violation at issue here.

Erin Capital further argues Collins is analogous to the plaintiff in *Thorne v. Accounts Receivable Management, Inc.*, a case in which the court found the plaintiff could not serve as class representative because she was not a member of the class. (*See* Resp. 7–8 (citing *Thorne*, 282

---

predominance requirement of Rule 23(b)(3). Accordingly, the Court will reserve its discussion until that Part of the analysis and not address it here. *See infra* Part III.B.1.

F.R.D. 684 (S.D. Fla. 2012))). In *Thorne*, the court denied the plaintiff's motion for class certification as the plaintiff failed to satisfy the commonality requirement. *See Thorne*, 282 F.R.D. at 693. Specifically, the court found the plaintiff had not suffered the same injuries as the putative class members because the proposed class definition included putative class members who suffered two specific statutory violations and the plaintiff did not have a cognizable claim under one of the two subsections. *See id.* 692–93. In contrast, Collins alleges he suffered the same FDCPA violation as the proposed class — namely, he is like the other individuals who were subject to a collection action by an entity not registered as a consumer collection agency. Hence, Collins qualifies as a member of the proposed class as he was also subject to the same garnishment proceeding in violation of the same provisions of the FDCPA.

Erin Capital also maintains the commonality requirement is not satisfied as it "has a defense against the putative class" based on the *Rooker-Feldman* doctrine "that it does not have against Collins." (Resp. 8). Pursuant to the *Rooker-Feldman* doctrine, "federal district courts cannot review state court final judgments" as that is reserved for state appellate courts or the United States Supreme Court. *Casale*, 558 F.3d at 1260 (citing *Dist. of Columbia Ct. of Appeals v. Feldman*, 460 U.S. 462, 482 (1983)). "The doctrine applies both to federal claims raised in the state court and to those 'inextricably intertwined' with the state court's judgment." *Id.* (quoting *Feldman*, 460 U.S. at 482 n.16). "A claim is inextricably intertwined if it would 'effectively nullify' the state court judgment," *id.* (quoting *Powell v. Powell*, 80 F.3d 464, 467 (2009)), "or it 'succeeds only to the extent that the state court wrongly decided the issues,'" *id.* (quoting *Goodman ex rel. Goodman v. Sipos*, 259 F.3d 1327, 1332 (11th Cir. 2001)).

Erin Capital contends this potential defense will only apply to the class members. Collins no longer has a state court judgment against him, while the other class members will be necessarily

asking the Court to review state court judgments, all in violation of the *Rooker-Feldman* doctrine. Erin Capital again misunderstands the class definition. As previously addressed, the class definition and the Amended Complaint's allegations concern garnishment proceedings instituted against Collins and the class members, and the garnishment proceedings are independent of any underlying state court judgments. Erin Capital's alternative argument regarding the lack of commonality thus fails to persuade. Any argument pursuant to the *Rooker-Feldman* doctrine would necessarily affect the state garnishment proceedings instituted against Collins and the class members, and apply to them equally. As such, the *Rooker-Feldman* defense might be asserted by Erin Capital uniformly against all of the claims, but its presence does not defeat commonality by applying to some of the claims and not to others. The Court need not address the merits of the *Rooker-Feldman* defense further in considering the Motion because this is not an instance where "proof of commonality necessarily overlaps with [a] merits contention." *Thorne*, 282 F.R.D. at 691. Again, Collins satisfies the commonality requirement of Rule 23(a).

### 3. Typicality

The typicality prong requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." FED. R. CIV. P. 23(a)(3). "A class representative must possess the same interest and suffer the same injury as the class members in order to be typical under Rule 23(a)(3)." *Cooper*, 390 F.3d at 713 (quoting *Murray v. Auslander*, 244 F.3d 807, 811 (11th Cir. 2001)). "'[T]ypicality measures whether a sufficient nexus exists between the claims of the named representatives and those of the class at large.'" *Id.* (quoting *Prado-Steiman ex rel. Prado v. Bush*, 221 F.3d 1266, 1279 (11th Cir. 2000)). Collins maintains he and the proposed class "were each subject to [Erin Capital]'s unlicensed and unlawful collection activity." (Mot. 14). In opposition, Erin Capital contends Collins's FDCPA claim is not typical of the class because he is

not a part of the class he purports to represent — essentially a restatement of the argument made with respect to commonality.[4] (*See* Resp. 11).

The Supreme Court has recognized "[t]he commonality and typicality requirements of Rule 23(a) tend to merge. Both serve as guideposts for determining whether under the particular circumstances maintenance of a class action is economical and whether the named plaintiff's claim and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence." *Falcon*, 457 U.S. at 157 n.13. For this reason, the considerations discussed in the previous Part also advise the Court's determination of the typicality requirement. Erin Capital's argument regarding Collins's inability to represent a class of judgment debtors remains unavailing as Collins's claim concerns an improper garnishment action suffered by him and the members of the class. Accordingly, a "sufficient nexus exists" between Collins's claims and those of the putative class to satisfy the typicality requirement of Rule 23(a)(3). *Cooper*, 390 F.3d at 713 (citation omitted).

### 4. Adequacy

The final requirement of Rule 23(a) is that "the representative parties will fairly and adequately protect the interests of the class." FED. R. CIV. P. 23(a)(4). The Eleventh Circuit has described the adequacy prong of a class certification analysis as follows:

> Rule 23(a)(4) requires that the representative party in a class action must adequately protect the interests of those he purports to represent. This adequacy of representation analysis encompasses two separate inquiries: (1) whether any substantial conflicts of interest exist between the representatives and the class; and (2) whether the representatives will adequately prosecute the action. If substantial conflicts of interest are determined to exist among a class, class certification is inappropriate.

---

[4] Erin capital further contends Collins's claim is not typical of those in the putative class as Collins's claim is barred by the FDCPA one-year limitations period. (*See* Resp. 11–12). As this argument is referenced in multiple instances of the Response, the Court will address it in the next Part where it is more appropriately related to the Rule 23(a)(4) adequacy requirement.

*Valley Drug Co.*, 350 F.3d at 1189 (citations and internal quotation marks omitted). An adequate class representative must be one willing to vigorously litigate the action on behalf of the class. *See Clausnitzer v. Fed. Express Corp.*, 248 F.R.D. 647, 657 (S.D. Fla. 2008).

Collins maintains he and the putative class members share "identical claims" and seek similar damages resulting from Erin Capital's unlawful collection practice. (*See* Mot. 15). Erin Capital contends Collins cannot serve as an adequate class representative as he is not a member of the putative class — another iteration of an argument made with respect to commonality and typicality — and his claim is barred by the FDCPA's limitations period. (*See* Resp. 13–14). The Court has previously addressed Erin Capital's former argument, and will not address it further. *See supra* Part III.A.1. Notwithstanding Erin Capital's recurring argument, Erin Capital correctly recognizes a class representative whose claim is time-barred cannot prosecute the action on behalf of the class. (*See* Resp. 11 (citing *Tello v. Dean Witter Reynolds, Inc.*, 494 F.3d 956, 974 n.17 (11th Cir. 2007))). As such, the Court must determine whether Collins's claim is indeed time-barred before determining whether he can serve as an adequate class representative. *See Thorne*, 282 F.R.D. at 691 ("Although a district court may not resolve the merits of a case when ruling on a Rule 23 motion, . . . the court may, and sometimes must, inquire into the merits in order to determine whether the requirements of Rule 23 have been satisfied." (citations and internal quotation marks omitted)).

Erin Capital asserts Collins's claim is barred by the applicable statute of limitations because Erin Capital filed its state court action and received a favorable judgment against Collins in 2006. (*See* Resp. 14). Collins, however, maintains it is the garnishment proceeding initiated in 2011 that triggers the applicable limitations period. (*See* Reply 10). The FDCPA provides a one-year statute of limitations "from the date on which the violation occurs." 15 U.S.C. § 1692k(d). "The 'date on

which the violation occurs' was . . . left undefined by the FDCPA." *Blakemore v. Pekay*, 895 F. Supp. 972, 983 (N.D. Ill. 1995). Various courts have defined the violation date as the date of the debt collector's last opportunity to comply with the FDCPA. *See Naas v. Stolman*, 130 F.3d 892, 893 (9th Cir. 1997) (citing *Mattson v. U.S. W. Commc'ns*, 967 F.2d 259, 261 (8th Cir. 1992)) (citation omitted); *Maloy v. Phillips*, 64 F.3d 607, 608 (11th Cir. 1995); *Cooper v. F.A. Mgmt. Solutions, Inc.*, No. 8:06-cv-751-T-27MAP, 2007 WL 4326800, at \*4 (M.D. Fla. Dec. 7, 2007).

Erin Capital's last opportunity to comply with the FDCPA occurred when it initiated the garnishment proceeding against Collins. *See Naas*, 130 F.3d at 893. More specifically, the filing of the garnishment proceeding established an independent violation of the FDCPA for the purpose of calculating the limitations period. *See Blakemore*, 895 F. Supp. at 982–83 (finding the filing of an application for writ of garnishment constituted "legal action on a debt" within the purview of the FDCPA and triggered the beginning of the one-year limitations period (quoting *Fox v. Citicorp Credit Svcs., Inc.*, 15 F.3d 1507, 1515 (9th Cir. 1994))). Erin Capital initiated the garnishment proceeding against Collins on October 5, 2011 (*see* Am. Compl. ¶ 12), and Collins filed his Complaint on August 4, 2012 and the Amended Complaint on October 4, 2012. Thus, the initiation of the garnishment proceeding against Collins fell within the one-year limitations period in the FDCPA, *see* 15 U.S.C. § 1692k(d), and Collins's claims are not barred by the applicable limitations period.

Erin Capital nevertheless argues "[a] debt collection attorneys'[sic] participation in ongoing litigation is not a continuing FDCPA violation that would bring an otherwise barred FDCPA suit within the FDCPA's one-year statute of [limitations]." (Resp. 14 (citing *Schaffhauser v. Citibank (S.D.)*, 340 F. App'x 128, 131 (3d Cir. 2009))). Erin Capital further argues a continuing attempt to prosecute a case is not itself a discrete debt collection activity. (*See id.* (citing *Jones v. U.S. Bank*

*Nat'l Ass'n*, No. 10 C 0008, 2011 WL 814901, at *5 (N.D. Ill. Feb. 25, 2011))). However, neither case addresses the present scenario where a debt collector files an independent garnishment action in state court. Rather, the plaintiffs in *Schaffhauser* and *Jones* argued the limitations period should be tolled while the debt collection agencies continued to litigate their initial court filing. *See Schaffhauser*, 340 F. App'x at 131 (finding participation in "ongoing debt collection litigation" did not bring the violation within the limitations period); *Jones*, 2011 WL 814901, at *5 (rejecting plaintiff's claim that the violation recurred "on each and every day until the present," and holding the only qualifying activity was the initiation of the proceeding). Here, Collins makes an entirely distinct FDCPA violation claim — separate from a claim that may have been available as a result of an earlier state court judgment — alleging the violation occurred when a new garnishment proceeding was filed against him. Collins's assertion that the initiation of a new proceeding constitutes an independent violation is amply supported by the applicable case law, as the filing of the garnishment proceeding gave Erin Capital a final opportunity to comply with the FDCPA. *See Naas*, 130 F.3d at 893; *Maloy*, 64 F.3d at 608; *Blakemore*, 895 F. Supp. at 983.

While Erin Capital acknowledges the existence of some cases which support Collins's position, Erin Capital also asserts its "arguable" statute of limitations defense defeats the adequacy requirement and the present Motion. (*See* Resp. 14 (citing *CE Design Ltd. v. King Architectural Metals, Inc.*, 637 F.3d 721, 726 (7th Cir. 2011))). In *CE Design* the court held, "'The presence of even an arguable defense peculiar to the named plaintiff . . . may . . . bring into question the adequacy of the named plaintiff's representation. The fear is that the named plaintiff will become distracted by the presence of a possible defense applicable only to him so that the representation of the rest of the class will suffer.'" *CE Design Ltd.*, 637 F.3d at 726 (quoting *J.H. Cohn & Co. v. Am. Appraisal Assocs., Inc.*, 628 F.2d 994, 999 (7th Cir. 1980)). However, Erin Capital's purported

statute of limitations defense against Collins has already failed. The initiation of the garnishment proceeding against Collins constituted a new violation, which falls within the one-year limitations period of the FDCPA. As such, there is no "arguable" defense precluding the satisfaction of Rule 23(a)'s adequacy requirement.

In sum, Collins and the putative class members seek damages for the same unlawful collection practices, and their interests generally align. Since Collins is not subject to a defense based on the FDCPA's limitations period, he can sufficiently serve as the class representative. Accordingly, the Motion satisfies the adequacy prong of the Rule 23(a) analysis.

### B. Rule 23(b)

In addition to establishing the elements of Rule 23(a), Collins must also show he satisfies at least one of the conditions of Rule 23(b). *See Klay*, 382 F.3d at 1250. Although Collins initially asserted a class is appropriate under Rules 23(b)(2) and (b)(3) (*see* Mot. 15–18), Collins's failure to rebut Erin Capital's argument that he does not satisfy the requirements of Rule 23(b)(2) (*see* Reply) — and counsel's admission during oral argument that Collins no longer seeks injunctive relief (*see* [ECF No. 46]) — demonstrates that only Rule 23(b)(3) applies to this case. Rule 23(b)(3) requires finding both (1) "that the questions of law or fact common to class members predominate over any questions affecting only individual members," and (2) "that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." FED. R. CIV. P. 23(b)(3); *see also Vega*, 564 F.3d at 1277. These requirements are known as predominance and superiority. *See Behrend v. Comcast Corp.*, 655 F.3d 182, 190 (3d Cir. 2011).

#### 1. Predominance

Predominance "is perhaps the central and overriding prerequisite for a Rule 23(b)(3) class." *Vega*, 564 F.3d at 1278. "Common issues of fact and law predominate if they 'ha[ve] a direct

impact on every class member's effort to establish liability and on every class member's entitlement to injunctive and monetary relief.'" *Klay*, 382 F.3d at 1255 (quoting *Ingram v. Coca-Cola Co.*, 200 F.R.D. 685, 699 (N.D. Ga. 2001)) (alteration in original). "Where, after adjudication of the classwide issues, plaintiffs must still introduce a great deal of individualized proof or argue a number of individualized legal points to establish most or all of the elements of their individual claims, such claims are not suitable for class certification under Rule 23(b)(3)." *Id.* (citation omitted). Erin Capital opposes certification because it asserts Collins cannot prove the putative class members' claims are based upon consumer debts, and individual inquiries would be necessary to establish that element of the claim. Additionally, Erin Capital restates its earlier arguments. These arguments have already been rejected, and they do not defeat the predominance requirement for the same reasons previously articulated, namely: (1) the *Rooker-Feldman* doctrine applies to each of the class members equally (*see supra* Part III.A.2); (2) Collins is a member of the class as the class definition is concerned with garnishment proceedings, and Collins, along with all of the putative class members, has had a garnishment proceeding levied against him (*see id.*); and (3) the Court has resolved the statute of limitations defense in favor of Collins, removing any barrier to the adequacy of his representation (*see supra* Part III.A.4).

With respect to Erin Capital's assertion regarding the need for individual determinations, Erin Capital correctly represents the FDCPA's requirement that claims must be based on consumer debts. "To recover under . . . the FDCPA . . . a plaintiff must make a threshold showing that the money being collected qualifies as a 'debt.'" *Oppenheim v. I.C. Systems, Inc.*, 627 F.3d 833, 836–37 (11th Cir. 2010). The FDCPA defines "debt" as:

> any obligation or alleged obligation *of a consumer* to pay money *arising out of a transaction in which the money,* property, insurance, or services which are the subject of the transaction *are primarily for personal, family, or household purposes,* whether or not such obligation has been reduced to judgment.

*Id.* at 837 (emphasis in original) (quoting 15 U.S.C. § 1692a(5)). Thus, the FDCPA "appl[ies] only to payment obligations of a (1) *consumer* arising out of a (2) *transaction* in which the money, property, insurance, or services at issue are (3) *primarily for personal, family, or household purposes.*" *Id.* (emphasis in original).

This necessary showing does not require individual determinations that would trump the predominance of the legal issues commonly applicable to the putative class members. As previously established, the common issue of whether Erin Capital violated the FDCPA by failing to register as a consumer collection agency, *see LeBlanc*, 601 F.3d at 1192, would have "a direct impact on every class member's effort to establish liability" and the class members' "entitlement to . . . monetary relief," *Klay*, 382 F.3d at 1255 (citation and internal quotation marks omitted).

Moreover, after adjudication of the classwide issues, Collins would not have a remaining need to introduce "a great deal of individualized proof or argue a number of individualized legal points" to establish the claim. *Id.* (citation omitted). Erin Capital's argument to the contrary has previously been rejected in *Hicks v. Client Services, Inc.*, No. 07-61822-CIV, 2008 WL 5479111, at *6 (S.D. Fla. Dec. 11, 2008). In *Hicks*, the court recognized "[s]everal courts have ruled that a debt collector's lack of information regarding the types of debts it collected does not preclude class certification." *Id.* (citing cases). The court further held:

> [T]he need to show that the transactions involved in a particular case are consumer transactions is inherent in every FDCPA class action[]. If that need alone precluded certification, there would be no class actions under the FDCPA. . . . [T]he Congressional purpose in enacting the FDCPA would be thwarted if a large and sophisticated debt collection company could avoid class action liability by mere fact of inadequate record-keeping. As [other] cases have found, the problems posed by the incompleteness of a debt collector's information on the debts it attempts to collect should not bar consumers from filing suit as a class. Although determining which debts are consumer will require some effort, there are means for making such determinations. Defendant's customers should be able to provide information regarding the debts, and proper drafting of the claim form may help exclude non-

consumer debts.

*Id.* (alterations added) (citations, alterations, and internal quotation marks omitted).

Collins's proposed class definition limits the class to persons against whom attempts to collect debts incurred for personal, family, or household purposes were initiated by Erin Capital. (*See* Am. Compl. ¶ 20). "[A]ny disputes regarding whether a particular class member's debt is consumer or commercial can be remedied through proper drafting of the claim form, and at the damages phase of this case." *Macarz v. Transworld Sys., Inc.*, 193 F.R.D. 46, 57 (D. Conn. 2000). Furthermore, "the mere existence of individualized defenses does not preclude a finding of predominance." *MacNamara v. City of New York*, 275 F.R.D. 125, 139 (S.D.N.Y. 2011). Accordingly, Erin Capital's arguments do not defeat Collins's predominance showing under Rule 23(b)(3).

### 2. Superiority

With regard to Rule 23(b)(3)'s superiority requirement, the Court must determine whether a class action is superior to other available methods for the fair and efficient adjudication of the claims. *See Busby v. JRHBW Realty, Inc.*, 513 F.3d 1314, 1326 (11th Cir. 2008). The matters pertinent to this determination include:

(A) the class members' interests in individually controlling the prosecution or defense of separate actions;

(B) the extent and nature of any litigation concerning the controversy already begun by or against class members;

(C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and

(D) the likely difficulties in managing a class action.

FED. R. CIV. P. 23(b)(3).

Erin Capital argues "[b]ecause individual issues predominate, Collins'[s] proposed class is

not superior to other methods of adjudication." (Resp. 16). However, the Court has already found the individual determination issue will not present an impediment to class certification. *See supra* Part III.B.1. Erin Capital does not address any of the other factors, and the Court finds none of the factors militate against certifying the class. Accordingly, the proposed class also satisfies the requirements of Rule 23(b)(3).

## IV. CONCLUSION

A district court is required to conduct a rigorous analysis of the Rule 23 prerequisites before certifying a class. Having conducted that rigorous analysis, and for the foregoing reasons, it is

**ORDERED AND ADJUDGED** that the Motion **[ECF No. 43]** is **GRANTED**. The Court hereby certifies a class pursuant to Rule 23(b)(3) consisting of (i) all persons (ii) whom were the subject of collection activity from Erin Capital (iii) in an attempt to collect a debt incurred for personal, family, or household purposes (iv) who incurred actual damages in the form of direct, indirect, voluntary, or involuntary payment arising from or attributable to Erin Capital's collection efforts (v) during the one year period prior to the filing of the original writ of garnishment in this action through the date of certification.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 21st day of March, 2013.

**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc:  counsel of record