UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-81044-CIV-MARRA

BERNADETTE M. HELMUTH, on behalf
of herself and all others similarly situated,

Plaintiff,

vs.

ARS NATIONAL SERVICES, INC.,

Defendant.
_____/

**OPINION AND ORDER**

This cause is before the Court upon Defendant's Motion to Compel Arbitration and/or Strike Class Allegations and/or Motion for Judgment on the Pleadings (DE 145). The Motion is fully briefed and ripe for review. The Court has carefully considered the Motion and is otherwise fully advised in the premises.

I. Background

On September 15, 2011, Plaintiff Bernadette Helmuth ("Plaintiff") filed a two-count Amended Complaint against ARS National Services, Inc. ("Defendant") for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"). Specifically, Plaintiff alleges that Defendant failed to disclose its status as a debt collector in violation of 15 U.S.C. § 1692e(11) (count one) and failed to make a meaningful disclosure of identity in violation of 15 U.S.C. § 1692d(6) (count two). (Am. Compl., DE 4.)

According to the Amended Complaint, Defendant sought to collect an alleged debt from Plaintiff arising from transactions incurred for personal, family or household purposes. (Am

Compl. ¶ 9.) On or about September 15, 2010, Defendant left the following message on Plaintiff's residential telephone:

> Hello. The following is a message from [Defendant]. It is very important that we speak with [Plaintiff]. This is not a telemarketing or sales call. Please have them call us toll-free at 1-866-274-3582 and the reference number is 19718228. We need to be able to discuss this matter with you as soon as possible. Thank you. Goodbye.[1]

(Am. Compl. ¶ 10.)

Defendant filed its Answer on October 3, 2011 (DE 6) and the parties then filed a scheduling report (DE 8). On November 8, 2011, the Court issued its Scheduling Order (DE 8) and the parties engaged in discovery, which included filing discovery motions (DE 17, 22, 42, 47, 57, 66, 85). The parties engaged in mediation, which did not result in a settlement (DE 73). Eventually, Plaintiff filed motions to certify a class (DE 86) and for summary judgment (DE 94).

Soon thereafter, Defendant sought to stay the case pending a decision on a related California case regarding a proposed nationwide class settlement (DE 110). The Court stayed the instant case, finding that the related case had progressed further than the instant case and the motion to certify the class in the instant case would be rendered moot if the California court approved the proposed settlement in the related case. The Court also terminated the pending motions to certify a class and for summary judgment and noted that they would be addressed after the lifting of the stay (DE 118). Subsequently, on December 5, 2013, the Court administratively closed the case (DE 127). At the request of Plaintiff, the Court reopened the case on April 10, 2018 (DE 137).

Defendant has now filed a motion to compel arbitration and for judgment on the

---

[1] Defendant left similar or identical messages on other occasions. (Am. Compl. ¶ 11.)

pleadings. Defendant has submitted evidence indicating that Plaintiff incurred a debt with Dell Financial Services ("DFS") which was assigned to Defendant for collection. (DE 145-2.) Defendant did not receive the credit agreement between Plaintiff and DFS until January 21, 2016. (DE 145-2, DE 162-1.) Defendant was unaware of its right to seek arbitration in the instant case until it received the credit agreement. (DE 145-2.)

Defendant makes the following arguments with respect to its motion to compel: the arbitration agreement is enforceable, Plaintiff cannot meet the burden of proving waiver, and the class waiver is severable from the arbitration agreement. With respect to the motion for judgment on the pleadings, Defendant argues the message provided meaningful disclosure, was not a communication under the FDCPA, and conveyed the required information.

Plaintiff responds that Defendant has waived arbitration by engaging in litigation without raising the arbitration issue, which led to Plaintiff incurring over $150,000.00 in fees and costs,. With respect to the motion for judgment on the pleadings, Plaintiff contends that Defendant relies on non-binding law, whereas the Eleventh Circuit has held that the telephone message violates the FDCPA.

## II. Motion to Compel Arbitration

Plaintiff does not challenge that she entered into an arbitration agreement, that her claims are within the scope of the agreement, or that Defendant has standing to enforce the agreement. The sole issue before the Court is whether Defendant waived its right to arbitration. After careful review, the Court finds that Defendant has waived this right.

In determining whether a party waived its right to arbitrate, the Court must engage in a two part test. Ivax Corp. v. B. Braun of Am., Inc., 286 F.3d 1309, 1315 (11th Cir. 2002). The

first part is to examine whether the party, "under the totality of the circumstances," "acted inconsistently with the arbitration right." Id. at 1315-16. Second, the Court must look to see whether that party "has in some way prejudiced the other party." Id. at 1316 (quoting S & H Contractors, Inc. v. A.J. Taft Coal Co., 906 F.2d 1507, 1514 (11th Cir.1990)); Gutierrez v. Wells Fargo Bank, NA, 889 F.3d 1230, 1236 (11th Cir. 2018) (same); Krinsk v. SunTrust Banks, Inc., 654 F.3d 1194, 1200 (11th Cir. 2011) (same). The Court considers such factors as the length of the delay in demanding arbitration and the expense incurred by the party alleging prejudice. S & H, 906 F.2d at 1514. Additionally, the Court must examine the "use of pre-trial discovery procedures by a party seeking arbitration," Citibank, N.A. v. Stok & Assocs., P.A., 387 F. App'x 921, 924 (11th Cir. 2010).

To defeat arbitration, Plaintiff bears the burden of proof and must establish both elements of the waiver test. Stone v. E.F. Hutton & Co., 898 F.2d 1542, 1543 (11th Cir. 1990). Plaintiff has met this burden. Significantly, this case was filed in 2011, but Defendant did not move to compel arbitration until 2018. Defendant claims that it did not know about the arbitration agreement until 2016, and was prevented from raising the issue until the Court reopened this case. However, even if Defendant had raised this issue in 2016, it would have been too late. By then, Defendant had filed an answer, engaged in scheduling conferences, filed a joint scheduling report, conducted discovery and mediation, filed discovery motions and responses to substantive motions. These activities show an intent to litigate, and not arbitrate.

Furthermore, the Court gives little weight to Defendant's lack of knowledge about the arbitration agreement. Although the Court does not question the veracity of Defendant's statement, Defendant's attorney had responsibility to explore the existence of an arbitration

agreement with his or her client. See Fuentes v. Sec. Forever LLC, No. 16-20483-CIV, 2017 WL 7792708, at *5 (S.D. Fla. May 24, 2017) (finding the first element met despite the defendant's counsel statement that counsel had no knowledge of arbitration agreement because counsel did not read agreement until nearly a year after lawsuit filed).

With respect to the prejudice prong, Defendant waited seven years before seeking arbitration. During the time when the case was active before this Court, Plaintiff filed numerous discovery motions, a class certification motion and a motion for summary judgment. There is no doubt Plaintiffs have been prejudiced by Defendant's participation in this lawsuit and expended substantial sums of money to conduct litigation.[2] Simply put, the record in this case shows that Plaintiff has "undergone the types of litigation expenses that arbitration was designed to alleviate." Garcia v. Acosta Tractors, Inc., No. 12-21111-CIV, 2013 WL 462713, at *8 (S.D. Fla. Feb. 7, 2013).[3] [4]

---

[2] Plaintiff's brief claims $150,000 in litigation expenses, but fails to provide an affidavit in support. Nonetheless, given the amount of litigation and the extent of motion practice evidenced by the record, Plaintiff clearly sustained significant litigation expenses.

[3] The Court rejects Defendant's reliance on Benoay v. Prudential-Bache Securities, Inc., 805 F.2d 1437 (11th Cir. 1986). (Reply at 2.) In that case, the Eleventh Circuit did not find a waiver of arbitration after two and a half years of litigation. Unlike in this case, however, the motion to arbitrate was timely because it was due to a change in law affecting the party's rights. Id. at 1440.

[4] The Court also rejects Defendant's claim that the class action waiver provision is severable from the arbitration provision. Defendant raises this argument years after being put on notice in 2011 that this was a class action. (DE 4.)

III. Motion for Judgment on the Pleadings

"Judgment on the pleadings is proper when no issues of material fact exist, and the movant is entitled to judgment as a matter of law." Ortega .v Christian, 85 F.3d 1521, 1524 (11th Cir. 1996) (citing Fed. R. Civ. P. 12(c)). "The court should grant a motion for judgment on the pleadings only when it is clear that the merits of the controversy can be fairly and fully decided on the face of the pleadings." Vagenas v. Cont'l Gin Co., 789 F. Supp. 1137 (M.D. Ala. 1992), (citing Andreu v. Sapp, 919 F.2d 637, 639 (11th Cir. 1990)), vacated on other grounds, 988 F.2d 104 (11th Cir. 1993). Put another way, a Rule 12(c) motion disposes of cases when the facts are not in dispute and the focus can be on the competing pleadings. See Bank Ins. Co. v. Florida Residential Property and Cas. Joint Underwriting Ass'n., 137 F.3d 1293, 1295 (11th Cir. 1998). A judgment on the pleadings "only has utility when all material allegations of fact are admitted or not controverted in the pleadings and only questions of law remain to decided by the district court." Wright & Miller, Federal Practice and Procedure Civil 3d § 1367, at 207-08 (2004).

The Court begins its analysis by setting forth the elements of a prima case for a violation of the FDCPA. In order to prevail on a FDCPA claim, a plaintiff must prove that: (1) the plaintiff has been the object of collection activity arising from a consumer debt; (2) the defendant is a debt collector as defined by the FDCPA and (3) the defendant has engaged in an act or omission prohibited by the FDCPA. Rajbhandari v. U.S. Bank, 305 F.R.D. 689, 692 (S.D. Fla. 2015); Terrell v. DIRECTTV, LLC, No. 12–81244–CIV, 2013 WL 3810619, at * 3 (S.D. Fla. July 22, 2013); Sans v. Fernandez, 633 F. Supp. 2d 1356, 1359 (S.D. Fla. 2009); Fuller v. Becker & Poliakoff, P.A., 192 F. Supp. 2d 1361, 1366 (M.D. Fla. 2002). The only issue before the Court

relates to the third element; namely, whether the telephone message left by Defendant provided a "meaningful disclosure" of the caller's identity and whether the message was a "communication" within the meaning of the FDCPA.

Section 1692d(6) requires a "meaningful disclosure" of the caller's identity. The Eleventh Circuit has explained that the identity of a caller is "meaningfully disclosed" when both the name of the debt collection company and the nature of the company's business are disclosed. Hart v. Credit Control, LLC, 871 F.3d 1255, 1260 (11th Cir. 2017).[5] This Court has already determined that a message similar to the one alleged here violates section 1692d(6) because it does not state the nature of Defendant's business. See Valencia v. Affiliated Grp., Inc., No. 07-61381-CIV-MARRA/JOHNSON, 2008 WL 4372895, at *3 (S.D. Fla. Sept. 24, 2008) (citing Wright v. Credit Bureau of Georgia, Inc., 548 F. Supp. 591, 597 (N.D. Ga.1982) ("the meaningful disclosure required by section 1692d(6) has been made if an individual debt collector who is employed by a debt collection company accurately discloses the name of her employer and the nature of her business"); Hosseinzadeh v. M.R.S. Assocs., Inc., 387 F. Supp. 2d 1104, 1112 (C.D. Cal. 2005) ("defendant violated 1692d(6) when its employees failed to disclose defendant's identity and the nature of defendant's business in the messages left on plaintiff's answering machine")); see also Lindemann v. Glob. Servs. Grp., LLC, No. 8:18-CV-1546-T-33SPF, 2018 WL 4774963, at *5 (M.D. Fla. Oct. 3, 2018) (same).

Section 1692e(11) of the FDCPA prohibits "[t]he failure to disclose . . . that the debt

---

[5] Defendant claims that Hart only requires the message to contain the company's name. (Reply at 4-5.) Hart, however, relied upon 11th Circuit precedent, noting that a debt collector must state in its message that it is a debt collector. Hart, 871 F.3d at 1258 (citing Edwards v. Niagara Credit Sols., Inc., 584 F.3d 1350, 1353 (11th Cir. 2009)).

7

collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector." 15 U.S.C.A. § 1692e(11). The Eleventh Circuit has held that telephone messages are communications and when those messages fail to disclose they are from a debt collector, it is a violation of FDCPA. See Edwards, 584 F.3d at 1351-52 and n.3 (finding the FDCPA is violated by message that "This message is intended for Brenda Edwards. Please contact Jennifer [last name not clear] at 1–800–381–0416, my extension is 220. When returning my call have your file number available, it's 1250740."); see also Dauval v. MRS BPO, L.L.C., No. 8:11-CV-2703-T-MAP, 2013 WL 9921550, at *11 (M.D. Fla. June 27, 2013) (the FDCPA does not guarantee the debt collector the right to leave messages on a debtor's answering machine); Berg v. Merchants Ass'n Collection Div., Inc., 586 F. Supp. 2d 1336, 1340–41 (S.D. Fla. 2008) ("Courts generally consider pre-recorded messages and voice mail messages from debt collectors to be 'communications,' even if the messages do not state what the calls are regarding).

      Defendant's argument to the contrary are not persuasive. Defendant relies upon cases from outside this Circuit, a proposal by the Consumer Financial Protection Bureau that has not yet been enacted and materials outside of the pleadings. This Court, however, must follow Eleventh Circuit precedent and the law as it stands today.

      For the reasons stated herein, the motion for judgment on the pleadings is denied.

IV. Conclusion

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendant's Motion to Compel Arbitration and/or Strike Class Allegations and/or Motion for Judgment on the Pleadings (DE 145) is **DENIED**.

Based on the parties' report (DE 143) and the Court's July 5, 2018 Order (DE 144), Plaintiff shall file her motion for summary judgment and motion for class certification on **December 7, 2018.**[6]  **Calendar call is March 29, 2019 for the two-week trial period beginning April 1, 2019.**  The remaining deadlines follow:

```
Mediation Cutoff – January 22, 2019
Mandatory Pretrial Stipulation – Fifteen days before calendar call
Motions in Limine – Fifteen days before calendar call
Responses to Motions in Limine – Ten days before calendar call
Jury Instructions – Five days before calendar call
Proposed Findings & Conclusions – Five days before calendar call
Voir Dire Questions – Calendar call
Exhibit List for Court – First day of Trial (2 copies)
(impeachment excepted)
Witness List for Court – First day of Trial (2 copies)
(impeachment excepted)
```

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 12th day of November, 2018.

_____
KENNETH A. MARRA
United States District Judge

---

[6] "The parties shall file new motions with complete briefs, and not simply file supplements to the prior motions, which are now almost six years old." (DE 144.)